## WETHERELL v. KEITH and others.[1]

*(Circuit Court, N. D. Illinois. 1886.)*

1. PATENTS FOR INVENTIONS—EVIDENCE OF PRIOR USE.
    In order to defeat a patent on the ground of prior use, such use must be established beyond reasonable doubt. *Coffin* v. *Ogden*, 18 Wall. 120; *Washburn & Moen Manuf'g Co.* v. *Haish*, 4 Fed. Rep. 900.

2. SAME.
    Where a witness testified to his use of a patented invention 16 years before the time when he testified, and that he employed some 10 persons in its manufacture, and yet could not tell the names of any of such persons, *held*, that his testimony failed to make out a defense.

3. SAME.
    Two witnesses testified in 1884 to seeing the patented device in use in 1864, but their testimony was indefinite, and contradicted in many important particulars, and none of the alleged prior devices were produced. *Held*, insufficient to defeat the patent.

4. SAME—CARPENTER PATENT No. 116,411—HOOP-SKIRTS.
    This patent sustained over the alleged prior use by Max Schwab, at Ottawa, Illinois, and that seen by Robert G. Lester and August Seligman, in 1864.

*Merriam & Whipple*, for complainant.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

*Moses, Newman & Reed,* for defendants.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement of letters Patent No. 116,411, granted June 27, 1871, to Charles C. Carpenter, for "an improvement in hoop-skirts," and duly assigned to complainant. The device covered by the patent is probably best described by the patentee himself in his specifications. He says:

"My invention is an improvement upon the skirt patented by Samuel Peberdy, November 30, 1858, in which the hoop or skirt is continuous, and is wound spirally from the top to the bottom of the skirt; and also upon the hoop-skirt patented by William H. Towers, November 17, 1868, having an upper and a lower nest of hoops and an intervening space; and my said improvement consists in forming the lower nest of the skirt of the same wire which crosses spirally the space between the upper and lower nests, and unites the two nests together; also in forming the lower portion of the bustle, and front guards or fenders for the knees, by a series of wires attached to and starting from the front of the waistband, and passing spirally around both sides of the skirt, interlacing with each at the bustle, and terminating at the front of the waistband; by which improvements the following, among other desirable advantages, are obtained, viz.: economy in the manufacture of the skirt; increased stiffness and supporting power by the interlacing at the back, near the top or waist; and front guards or fenders to prevent the projection of the knees through and into the intervening space; and rendering the skirt more agreeable and convenient for the wearer. * * * The lower skirt or nest of hoops is formed by a single wire, one end of which is attached to one end of the front tapes of the bustle, and continuing around spirally, parallel with the continuous fender and bustle wires, leaves the same at the front thereof, and forms, by continuous revolutions, the lower nest, separate and distinct from the upper, and yet connected to it by the same wire from which the lower nest is formed, thus obtaining a hoop-skirt having two nests, with the intervening wires forming a part of both nests, and holding the lower nest from swaying."

The patent also contains a disclaimer in the following words:

"I am aware that one or more bracing hoops, which extend from a point at or near the top of the skirt at the back to a point at or about the height of the knees of the wearer in front, have been patented by Charles E. Pratt, July, 1870, and I therefore do not claim such bracing hoops as my invention."

The claims of this patent are as follows:

"(1) In a hoop-skirt having an upper and a lower nest of hoops, with an intervening space, the lower or skirt nest thereof formed by the same hoop, 9, which passes spirally through the space between the upper and the lower nests, and unites the two together without use of separate wires or fastenings, as described. (2) The lower portion of the bustle nest and the knee-guards or fenders of the lower nest, formed by one and the same series of wires, 5, 6, 7, and 8, in the manner described. (3) The bustle and knee-guard wires crossed and interlaced at the back, for the purpose of increasing the strength and supporting power of the skirt at the back, as described. (4) In a hoop-skirt in which the lower nest is formed of a continuous wire, which also unites it with the bustle nest, the combination therewith of the separate wires, 5, 6, 7, and 8, crossed and interlaced at the bustle or back, and the knee-guards or fenders, *g*, formed thereby, crossing the front space above the lower hoops, as described."

The fact of infringement is conceded, and the only defenses set up are want of patentable novelty, and the public use for more than two years before this patent was applied for.

The witnesses by whom a prior use is attempted to be shown are Max Schwab, Robert G. Lester, and August Seligman. Schwab states that he made skirts constructed like the patent in Ottawa, Illinois, about 16 years before the date of his deposition, his testimony having been taken in December, 1884; that he copied the skirts he so made from one he bought of a traveling man. He seems to have had a small store at Ottawa for about two years, but is unable to fix the date when he began and closed the business there, and says he employed about 10 persons making such hoop-skirt, and yet can give the names of none of them. Lester and Seligman testified to seeing skirts in the market as early as 1864, but their testimony is indefinite. No skirts, or patterns of skirts, or forms on which they were made, are produced; and both witnesses are contradicted in many important particulars by persons to whom they referred as being connected with them at the time they claimed to have seen the skirts in question. The proof also shows that both Schwab and Seligman are infringing the complainant's patent, and that Lester is in the employ of Seligman. The proof also shows that C. C. Carpenter & Co. began the manufacture of hoop-skirts of the structure shown in this patent in 1870, and put them quite extensively upon the market; and I think it is more than probable that these two witnesses are all mistaken as to the time when they first saw these skirts on sale, and that they did not see them until Carpenter had commenced their manufacture, for which he subsequently obtained a patent in apt time.

Upon the whole, then, I come to the conclusion that the defendants' proof of prior use is not sufficiently clear and certain to establish such prior use before the date of Carpenter's invention. The rule as laid down in *Coffin* v. *Ogden*, 18 Wall. 120, and *Washburn & Moen Manuf'g Co.* v. *Haish*, 4 Fed. Rep. 900, requires that the fact of prior use shall be established beyond reasonable doubt, and I cannot say that this is done by the proof in this case. I therefore find that the patent is valid, and that the defendants infringe, for which the complainant is entitled to damages, and a decree may be prepared accordingly.